UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK McGEE,
    *Petitioner*,

v.

ANNE COURNOYER,
    *Respondent*.

No. 3:18-cv-00104 (JAM)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Frank McGee was tried and convicted in a Connecticut state court on robbery and related charges, and he is now serving his prison sentence. McGee has filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief on two grounds. First, he argues that he was wrongly convicted of robbery despite having been acquitted of larceny. Second, he argues that his conviction on two robbery counts arising from a single robbery was a violation of the Double Jeopardy Clause.

These arguments were raised and rejected in the Connecticut state courts. Because McGee has not shown that the Connecticut state courts unreasonably applied clearly established federal law as determined by the U.S. Supreme Court, I will deny his petition for writ of habeas corpus.

BACKGROUND

According to McGee's petition (Doc. #10 at 1 (¶ 2)), the trial jury in his case could have found the following facts: In the early morning hours of March 23, 2007, victims D and T purchased a small amount of cocaine in Waterbury, Connecticut. As D and T drove away, McGee and others followed them. After D and T stopped and got out of their car, McGee approached them, asking if they wanted to "get shot." He reached into his car and took out a case that D and T believed contained a gun, saying the case contained "something for them." McGee

1

went through D's pockets and took $6 from him. Then he turned to T to search her for cocaine by lifting up her skirt and touching her roughly under her bra and causing bruising to that area. McGee was arrested a short time later.

McGee exercised his constitutional trial rights, and the jury returned verdicts of guilty on the following five counts of conviction: two counts of second-degree robbery, Conn. Gen. Stat. § 53a-135(a)(1) and (a)(2); one count of second-degree robbery conspiracy, Conn. Gen. Stat. § 53a-48(a) and § 53a-135(a)(2); one count of misdemeanor fourth-degree sexual assault, Conn. Gen. Stat. § 53a-73a(a)(2); and one count of breach of peace, Conn. Gen. Stat. § 53a-181(a)(3). *See* Doc. #10 at 2 (¶¶ 3-4). The jury acquitted McGee on one count of second-degree larceny, Conn. Gen. Stat. § 53a-123(a)(3), and one count of third-degree sexual assault, Conn. Gen. Stat. § 53a–72a(a)(1)(A).[1]

McGee was sentenced to a total effective term of 20 years of imprisonment. Doc. #23 at 3. The bulk of this sentence consists of concurrent terms of ten years for each of the two counts of second-degree robbery, in addition to a consecutive term of ten years for the robbery conspiracy conviction, along with lesser and concurrent terms of imprisonment for the sexual assault and breach of peace convictions. *Ibid.*

On direct appeal the Connecticut Appellate Court affirmed McGee's convictions. *See State v. McGee*, 124 Conn. App. 261 (2010). As relevant here, the Connecticut Appellate Court rejected McGee's argument that the jury's verdicts finding him guilty of robbery were invalid because they were inconsistent with its verdict acquitting him of larceny. Relying on the U.S. Supreme Court's decision in *United States v. Powell*, 469 U.S. 57, 69 (1984), the Connecticut

---

[1] McGee was convicted of the robbery crimes prior to the legislature's amendment in 2012 of the second-degree robbery statute. The statute now codifies the robbery crimes for which McGee was convicted as Conn. Gen. Stat. § 53a-135(a)(1)(A) and § 53a-135(a)(1)(B).

Appellate Court reasoned that a claim of legally inconsistent verdicts is not reviewable on appeal. Both the Connecticut Supreme Court and the U.S. Supreme Court denied review. *See State v. McGee*, 299 Conn. 911 (2010), *cert denied sub nom. McGee v. Connecticut*, 563 U.S. 945 (2011).

In the meantime, McGee filed a motion for sentence review pursuant to Connecticut Practice Book § 43-28 on the ground that his sentence was inappropriate and disproportionate. A three-judge panel denied relief, noting that McGee "has an atrocious criminal record, including multiple convictions for robbery," and concluding that McGee "has made a living by committing robberies, has eschewed the opportunity for drug treatment and has failed to accept responsibility for his crimes or demonstrate genuine remorse for his misconduct." *State v. McGee*, 2009 WL 3086090, at *1 (Conn. Super. Ct. 2009).

McGee sought habeas corpus relief in the Connecticut state courts, arguing that he was deprived of his right to the effective assistance of counsel. But the Connecticut Superior Court denied his petition, the Connecticut Appellate Court dismissed his appeal, and the Connecticut Supreme Court denied review. *See McGee v. Warden*, 2013 WL 4779570 (Conn. Super. Ct. 2013), *appeal dismissed*, *McGee v. Comm'r of Correction*, 157 Conn. App. 863 (2015), *cert. denied*, *McGee v. Comm'r of Correction*, 318 Conn. 903 (2015).

McGee also filed a motion to correct an illegal sentence pursuant to Connecticut Practice Book § 43-22. As relevant here, he argued that the two sentences imposed for his two robbery convictions violated the Double Jeopardy Clause. The Connecticut Superior Court dismissed his motion. *See State v. McGee*, 2015 WL 6558475 (Conn. Super. Ct. 2015). McGee appealed the dismissal. Relying on the U.S. Supreme Court's ruling in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the Connecticut Appellate Court agreed with the Superior Court that his Double

Jeopardy claim lacked merit. *See McGee v. State*, 175 Conn. App. 566, 575-78 (2017).[2] The Connecticut Supreme Court denied review of McGee's petition for certification to appeal. *See State v. McGee*, 327 Conn. 970 (2017). This federal habeas corpus petition has now followed.

## DISCUSSION

Federal courts have very limited authority to overturn state court criminal convictions. A state court defendant who seeks relief by way of a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must show that his state court conviction was rendered by means of a very clear violation of federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (reviewing governing standard).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As the Supreme Court has explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (*per curiam*).

---

[2] Notwithstanding its agreement that there was no Double Jeopardy violation, the Connecticut Appellate Court reversed and remanded on technical grounds, faulting the state trial court for dismissing the motion rather than denying the motion on its merits. *See* 175 Conn. App. at 578.

*Inconsistent verdicts*

McGee argues that his two robbery convictions are invalid because they are inconsistent with the jury's acquittal on the larceny charge. Under Connecticut law, a conviction for robbery in the second degree requires as a predicate that the prosecution prove that the defendant engaged in a "larceny." *See* Conn. Gen. Stat. § 53a-133 (defining "robbery" as incorporated by Conn. Gen. Stat. § 53a-135). Therefore, I will assume for present purposes that the guilty verdicts of robbery are inconsistent with the acquittal for larceny.

The problem for McGee, however, is that he cannot show that this inconsistency of trial verdicts violates his rights under the Constitution. In *United States v. Powell*, 469 U.S. 57 (1984), a jury acquitted a defendant on certain "predicate felony" charges but then convicted the defendant on separate "compound felony" charges which required the jury to have concluded that the defendant engaged in the predicate felonies for which the jury had returned verdicts of acquittal. *Id.* at 59-60. Despite this inconsistency, the Supreme Court concluded that there was no violation of the Constitution. First, it reasoned that the inconsistency was inherently inconclusive in terms of which crime was or was not proven—and that it would be no fairer to give the defendant a "windfall" of invalidating the guilty verdicts because of the inconsistency than to give the prosecution a "windfall" of invalidating the acquittal verdicts because of the inconsistency. *Id.* at 65.

"Inconsistent verdicts therefore present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored." *Ibid.* Because the Double Jeopardy Clause would preclude the prosecution "from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Ibid.* In other words, "the possibility that the

5

inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest." *Ibid.*

Moreover, as the Supreme Court observed, the jury's acquittal "may be the result of lenity," and "[t]he burden of the exercise of lenity falls only on the Government" rather than on the defendant. *Id.* at 65, 66. All in all, it would be "imprudent and unworkable" to "allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them," because "[s]uch an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Id.* at 66.

McGee's challenge to the inconsistency of verdicts is the same kind of challenge that was rejected in *Powell*—he challenges the jury's verdicts of guilty on a compound felony (robbery) in light of the jury's verdict of acquittal on a predicate felony (larceny). The Connecticut Appellate Court cited and discussed *Powell*, and McGee has not shown—as he must—that the Connecticut Appellate Court unreasonably applied federal law as clearly established by the U.S. Supreme Court. To the contrary, it appears that the Supreme Court's decision in *Powell* remains good law. *See Bravo-Fernandez v. United States*, 137 S. Ct. 352, 359-60 (2016) (discussing *Powell*).

McGee argues that collateral estoppel principles require that issue-preclusive effect be given to his acquittal on the larceny charge to foreclose his conviction on the robbery charges. He is right that "[i]n criminal prosecutions, as in civil litigation, the issue-preclusion principle means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"

*Bravo-Fernandez*, 137 S. Ct. at 356 (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). But as this quotation suggests, issue-preclusion principles ordinarily apply in the context of *successive* trials or lawsuits—they foreclose a party from relitigating an issue in a future case if the issue has been previously decided against the party in a prior case. McGee does not show that the Supreme Court has applied issue-preclusion principles to foreclose inconsistent verdicts that arise simultaneously within a single trial rather than successive trials.

McGee's briefing tries to recharacterize his claim from one to a challenge based on the inconsistency of verdicts to one based on lack of evidence to support the robbery charge. *See* Doc. #28 at 3 ("no reasonable jury could have found that there was property taken from the victim's person"). But *Powell* itself recognized that a sufficiency-of-evidence challenge is different from a challenge based on the inconsistency of verdicts: "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts," and "[t]his review should not be confused with the problems caused by inconsistent verdicts." *Powell*, 469 U.S. at 67.

McGee's amended habeas corpus petition unmistakably alleges a constitutional error due to the inconsistency of verdicts rather than the lack of trial evidence. Doc. #10 at 3-4. To the extent that McGee would now argue that the evidence was not enough to support the robbery charges, he has failed to show that he raised and exhausted this challenge in the Connecticut state courts as he is required to do under 28 U.S.C. § 2254(b)(1)(A). Nor can he square his claim that the evidence failed to show he took property from his victims with his admission in his amended habeas corpus petition that "[a] jury reasonably could have found … [that McGee] 'started going through D's pockets and found $6, *which he took from him*.'" *Id.* at 1 (emphasis added).

In short, McGee has failed to show that the Connecticut state courts unreasonably applied federal law as determined by the U.S. Supreme Court when they rejected his challenge to the inconsistent verdicts. Accordingly, I will deny his habeas corpus petition with respect to this claim.

### *Double jeopardy on robbery claims*

McGee next argues that the Double Jeopardy Clause forecloses his convictions on the two robbery counts that arose from the same robbery. The Double Jeopardy Clause provides that "[n]o person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. It prohibits multiple punishment for the same offense. *See United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2016). To decide if two charged crimes are in fact the "same offense" for double jeopardy purposes, a court must apply the "same elements" test as set forth by the U.S. Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932). "If each statute requires proof of a fact that the other does not, the *Blockburger* test is satisfied, even if the same proof is used at trial to establish both crimes." *Garavito-Garcia*, 827 F.3d at 250.

Here, the Connecticut Appellate Court recited the *Blockburger* standard and concluded that it was "clear from the plain language of the relevant portions of § 53a–135(a)(1) and (2), as charged in this case, that each offense requires proof of a fact which the other does not." *McGee*, 175 Conn. App. at 577. On the one hand, "[t]o satisfy the elements of § 53a-135(a)(1), the state was required to prove that, while committing a robbery in violation of General Statutes § 53a–133, the defendant was aided by another person actually present at the time." *Ibid.* On the other hand, "[t]o convict the defendant under § 53a–135(a)(2), by contrast, the state was required to prove that, in the course of commission of a robbery in violation of § 53a–133, he or another participant in the crime displayed or threatened the use of what he represented by his words or

conduct to be a deadly weapon." *Id.* at 577-78. McGee does nothing to show that the Connecticut courts unreasonably applied *Blockburger* in concluding that the two robbery offenses for which he was convicted were not the "same offense" for Double Jeopardy purposes.

McGee argues that the Connecticut General Assembly did not intend for a defendant to be subject to double conviction and punishment for both a violation of § 53a–135(a)(1) and § 53a–135(a)(2). But it is far from clear that this issue of state law alone is even reviewable by way of a federal petition for writ of habeas corpus. *See Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014); *Dodge v. Robinson,* 625 F.3d 1014, 1019 (8th Cir. 2010); *McCloud v. Deppisch*, 409 F.3d 869, 874-75 (7th Cir. 2005).

In any event, McGee does not cite any textual provision or legislative history to support his argument or to contradict the Connecticut Appellate Court's conclusion that there was no such evidence of legislative intent. *See McGee*, 175 Conn. App. at 578 (noting that "§ 53a–135 contains no language indicating the legislature's intent to bar multiple punishments for the perpetrators of single second degree robberies who, in committing such offenses, violate multiple subdivisions of the second degree robbery statute, and the defendant has failed to direct this court to any evidence of such a legislative intent").

In short, McGee has failed to show that the Connecticut state courts unreasonably applied federal law as determined by the U.S. Supreme Court when they rejected his challenge under the Double Jeopardy Clause to his robbery convictions. Accordingly, I will deny his habeas corpus petition with respect to this claim.

## CONCLUSION

The petition for writ of habeas corpus (Docs. #1, #10) is DENIED. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28

U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

    It is so ordered. Dated at New Haven this 22nd day of December 2020.

                                             /s/ *Jeffrey Alker Meyer*
                                           Jeffrey Alker Meyer
                                           United States District Judge